```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

LOUIS MATTHEW CLEMENTS,

       Petitioner,

v.                                  Case No. 2:24-cv-294-JES-NPM

SECRETARY, DEPARTMENT OF CORRECTIONS,

       Respondent.
_____/

## ORDER

Petitioner Louis Matthew Clements has filed an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pending Permanent Injunction." (Doc. 24).[1] Petitioner, who is a registered sex offender, asks the Court to enjoin the state from enforcing a Florida statute that does not allow him to reside within 1000 feet of where children regularly congregate. (Id.) The motion is denied.

### Background

In 2008, Petitioner was 37 years old. (Doc. 24). He was charged with having sex with a thirteen-year-old child. (Id.) He faced fifteen years in prison if convicted at trial. (No. 2:17-cv-396-JLB-NPM at docket entry 25-1, p. 75.) He pleaded guilty to a lesser charge in exchange for a five-year term of sex offender

---

[1] The Court has reviewed the pleading and concluded that it does not constitute an emergency.

probation. (Id. at p. 76.) As a result of his conviction, Petitioner is subject to lifetime registration and residency restrictions as a sex offender. IDoc. 1 at 1-2). Plaintiff has completed his term of supervision and seeks to challenge his guilty plea in a new habeas petition. (Doc. 1).

The Court initially dismissed this petition for lack of jurisdiction, relying on the Eleventh Circuit's opinion in Clements v. Florida, which held that "[t]he restrictions on freedom of movement" imposed by Florida's lifetime registration and reporting requirements were "not severe enough" to place sex offenders "in custody" under 28 U.S.C. § 2254(a). 59 F.4th 1204, 1215-17 (11th Cir. 2023). On July 9, 2025, the Eleventh Circuit concluded that the dismissal was premature because the Court did not consider the restrictions on sex offenders' residency when determining that Petitioner was not in custody when he filed the petition. (Doc. 21). Specifically, the appellate court determined that the parties should have "the opportunity to develop the record as to the restrictions imposed by Florida's sex-offender residency requirements" so that the district court can "rule on whether these residency restrictions, considered in combination with the registration and reporting requirements" render Petitioner "in custody" for purposes of filing a 28 U.S.C. § 2254 habeas corpus petition. (Id. at 7).

2

In response to the remand, the Court directed the parties to conduct any necessary research or discovery on the residency restrictions and reporting requirements for Florida sex offenders to determine whether the requirements render a petitioner "in custody" for habeas purposes, even when the petitioner is no longer in physical custody.  (Doc. 23.)  Petitioner now argues that he should not have to continue registering as a sex offender while awaiting the Court's consideration of his pending habeas petition.

## Discussion

A temporary restraining order or preliminary injunction is appropriate only when the movant demonstrates that:  (1) there is a substantial likelihood of success on the merits; (2) injunctive relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that injunctive relief would cause the non-movant; and (4) injunctive relief would not be averse to the public interest.  See Zardui-Quintana v. Richard, 768 F.2d 1214, 1216 (11th Cir. 1985).  A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes all four prerequisites.  See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir.1998).  Petitioner cannot satisfy the first or fourth requirements.

First, in the absence of the parties' research and argument on the issue of custody, the Court remains unconvinced that it has jurisdiction to consider the merits of the instant habeas petition.

But even if the Court determines that it does have jurisdiction, Petitioner is unlikely to obtain federal habeas corpus relief. First, unless Petitioner can demonstrate equitable tolling,[2] his federal habeas petition is almost certainly untimely. See 28 U.S.C. § 2244(d)(1)(A). Next, Petitioner generally argues in his petition—as he has argued in several unsuccessful civil rights cases in federal court—that it is unfair that certain people who have sex with children do not face prosecution, and he faults his defense counsel for failing to raise this as a defense. (Doc. 1 at 5-10). However, Petitioner has already unsuccessfully raised similar arguments in federal court. See, e.g., MDFL Case No. 2:24-cv-197-JES-NPM at docket entry 87 (explaining that Petitioner's constitutional claims against the laws governing

---

[2] To obtain equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotation omitted). The Eleventh Circuit has defined "the appropriate standard for gauging when attorney error amounts to an extraordinary circumstance." See Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221-1222 (11th Cir. 2017). In Cadet, the Court held that "attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling." Id. at 1227. Petitioner does not even argue for equitable tolling in his petition. Instead, he asserts that defense counsel was ineffective for not telling him that the statute was unconstitutional—notwithstanding that no court has ever made this finding—and that "[t]he State of Florida did not disclose the unconstitutionality of Statutes and to this day have not and continue to represent the statutes as constitutional." (Doc. 1 at 13.) These arguments do not explain why *Petitioner* did not challenge the statutes in a timely section 2254 petition.

Florida's sex offender registry "are foreclosed both by his prior litigation and by precedent").

Next, Petitioner has not demonstrated that removing the sex offender designation or the residency requirements of a convicted sex offender would be in the public's best interest. The Eleventh Circuit and the United States Supreme Court have confirmed the constitutionality of the reporting requirements of sex offenders because "based on evidence of increased recidivism among a class of felons, [the requirements are] rationally related to the state's interest in protecting its citizens from criminal activity." Doe v. Moore, 410 F. 3d 1337, 1347 (11th Cir. 2005); Smith v. Doe, 538 U.S. 84 (2003) (noting that the broad categories of a sex offender registration statute "and the corresponding length of the reporting requirement, are reasonably related to the danger of recidivism").

**ACCORDINGLY,** it is hereby **ORDERED** that Petitioner's motion for injunctive relief (Doc. 24) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida on September 3, 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE